### REPLEVIN FROM WAREHOUSEMAN.

Circuit Court of Cuyahoga County.

WILLIAM P. HERIG ET AL v. WILLIAM AMOS.

Decided, May 24, 1909.

*Replevin from Warehouseman of Goods of Plaintiff—Failure to Notify Plaintiff of Proceedings—Actual Notice to Him in Time to Have His Rights Litigated.*

An action against a warehouseman for the value of goods belonging to plaintiff, stored with the defendant and replevined by third parties, can not be maintained on the ground that the warehouseman was negligent in his failure to notify the plaintiff promptly of the bringing of the replevin proceedings and became a party thereto in time to have his title to the goods adjudicated.

*J. J. McCormick,* for plaintiff in error.
*Tanney & Barber* and *O. W. Broadwell,* contra.

MARVIN, J; HENRY, J., concurs; WINCH, J., not sitting.

The relation of the parties here is the reverse of the relation in which they stood in the court below. The terms plaintiff and defendant, as used in this opinion, speak of them as they

were in the original case. The defendants were co-partners doing business as the Eagle Storage & Moving Company and as a part of their business they received into their warehouse and stored for hire, goods for such customers as applied for that purpose to them. The plaintiff brought suit alleging that on the 3d of July, 1902, he delivered to the defendants for storage on his account a large quantity of goods, describing them, of the value of $1,086. And that he undertook and agreed to pay for such storage $4 per month, and that on the 4th of December, 1906, the plaintiff demanded said goods from the defendants, tendering the amount of the charges for storing the same, as agreed under the contract, and including cartage of the goods; that upon such demand, the defendants informed the plaintiff that the goods had passed beyond their possession and control, and that they did not know where they were. The plaintiff further alleges that he was notified on the 17th of November, 1906, by the attorney of the defendants that the goods had been taken from them in an action in replevin, and that this was the first notice he had of such replevin action; whereas, he says, such replevin action was begun and the goods taken on the 29th of August, 1905. And so, he charges, that by the gross negligence of the defendants in failing to give him early notice of such action in replevin he was deprived of an opportunity to defend himself and his title to the goods in that action by reason of which the goods have been lost to him and he prays for their value in damages with interest.

The defendants admit that they received the goods under a contract as alleged in the petition; that they did give notice to the plaintiff of the bringing of the action in replevin on the 17th of November, 1906, as alleged in the petition and they further aver that they made all reasonable effort to ascertain the whereabouts of the plaintiff and give him notice of such action, but they had no knowledge of his place of residence, and they were unable to get notice to him earlier than the date already spoken of. And they further aver that the plaintiff had notice of such action in replevin while it was pending and that he neglected to protect his rights in that action, but abandoned it, and thereby

by his own negligence failed to protect himself if he was entitled to any protection in the action in replevin. And then by way of cross-petition the defendants aver that a considerable amount of money is owing to them by the plaintiff for storage and cartage of the goods. The result of the trial was that the plaintiff obtained a judgment against the defendants, apparently for the value of the goods, less the amount claimed and shown as due to the defendants for storage and cartage. To reverse such judgment this proceeding is prosecuted.

The facts as shown by the evidence are, that the plaintiff did deliver a considerable quantity of merchandise, as is set out in his petition, to the defendants on the 3d of July, 1902; that he did not keep the storage charges paid up; that on the 29th of August, 1905, these goods were taken in replevin from the defendants in an action brought by one A. J. Cole; that the defendants answered in that action, claiming to be entitled to the possession of the goods; that on the 24th day of August, 1907, while said action was still pending, the plaintiff was made a party defendant thereto, and that after having obtained consent of the court on several different days he finally filed an answer and cross-petition in the replevin action on the 12th of November, 1907, and that thereafter on his own motion the plaintiff was dismissed out of that action. It appears by the record of the court in the replevin action before the goods were delivered to the plaintiff in that action they were appraised and a bond given, as required by law. This bond must have been in double the appraised value of the goods, because it was, as shown by the records of the court, given in accordance with the law, and such is the requirement of the law, Revised Statutes, Section 5819, which reads:

"The sheriff shall deliver the property so taken to the plaintiff, his agent or attorney, after the expiration of five days from the time the property is taken, when there is executed by sufficient surety of the plaintiff, a written undertaking to the defendant in at least double the value of the property taken," etc.

This, however, whether the defendant in the replevin action claimed the ownership to the goods or the right to possession

only.   The situation then is this; that whether the defendants were negligent or not in getting notice to the plaintiff of the pendency of the action in replevin, he received notice in some way in time so that he filed his answer and cross-petition and might there have maintained his rights and recovered his damages secured by the replevin bond, had he not, on his own motion, been dismissed from that action.

What wrong did the plaintiff suffer by reason of any failure of the defendants to give an earlier notice of the pendency of the replevin action?  It is said in argument, that he was deprived of his right to give a re-delivery bond and thereby recover the goods themselves.  It does not appear from any pleading that the plaintiff would have given any such re-delivery bond, nor that the bond given in the replevin action was not adequate and the sureties not sufficient to give him entire protection.   Had he remained in the replevin case he could have had all his rights there adjudicated and have recovered whatever damages he sustained by reason of losing this property. We think there was a misconception on the part of those engaged in the trial of this case on the question of when the plaintiff was entitled to notice in the replevin case.   Doubtless it was the duty of the defendants to exercise reasonable diligence to get notice to him of the bringing of the replevin action, and in a proper case it would be for the jury to determine whether such promptness and care had been exercised by the defendant to give such notice.   But if every substantial right of the plaintiff could have been protected in the replevin action after he had notice and after he became a party to the action, then he lost nothing by not receiving an earlier notice.   He could have recovered in that action exactly what he could recover in this action, to-wit, the damages he sustained by reason of his goods being taken from him.   Under these facts the court should not have submitted to the jury the question of whether the defendants gave notice to the plaintiff at the time the replevin action was brought, and the charge in so far as it submits that question to the jury is erroneous, because it was a matter of indifference when that notice reached the plaintiff provided it

reached him, as it certainly did, in time for him to protect all his rights in the replevin action, and the result is the judgment is reversed and the cause remanded to the court of common pleas.